UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| MARVIN EVANS, #125097, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:05-cv-95 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| UNKNOWN GARDINER, et al., ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendants. ) | |
| _____ ) | |

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §1983. Plaintiff is an inmate at the Bellamy Creek Correctional Facility ("IBC") located in Ionia, Michigan. Plaintiff filed his complaint on February 7, 2005. His complaint names five fictitious defendants:

John Doe # 1, Corrections Officer of IBC;
John Doe # 2, Nurse of IBC Health Care;
John Doe # 3, Nurse of IBC Health Care;
John Doe # 4, Corrections Transportation Officer of IBC;
John Doe # 5, Corrections Transportation Officer of IBC.

(docket # 1). None of these defendants have been identified by plaintiff or served with process. The other two defendants named in the complaint are "Unknown Gardner, Nurse of IBC Health Care" and "Unknown Dominguez, Corrections Officer of IBC." (*Id.*). Registered Nurse Monica Gardner and Resident Unit Officer Ricardo Dominguez have been served. All defendants are sued "in their individual and official capacities." Plaintiff alleges that defendants were deliberately indifferent to his serious medical needs on August 23-25, 2004, and seeks an award of monetary damages.

The matter is before the court on the July 27, 2005 motion for summary judgment by defendants Gardner and Dominguez. (docket # 16). On July 27, 2005, the court issued an order notifying plaintiff of his opportunity to submit affidavits, documents or other materials in opposition to the defendants' motion on or before August 24, 2005. (docket # 19). Plaintiff elected not to file a response to the motion for summary judgment. Upon review, I recommend that defendants' motion for summary judgment be granted and that judgment be entered in favor of defendants Gardner and Dominguez on all plaintiff's claims. I further recommend that all plaintiff's claims against the unidentified and unserved Doe defendants be dismissed without prejudice, with the exception of plaintiff's claims against these defendants in their official capacities, which should be dismissed with prejudice because they are barred by Eleventh Amendment immunity.

## Applicable Standards

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Community Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Terry v. LaGrois*, 354 F.3d 527, 530 (6th Cir. 2004) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Tucker v. Union of Needletrades Indus. & Textile Workers*, 407 F.3d 784, 787 (6th Cir. 2005); *Rainer v. Union Carbide Corp.*, 402 F.3d 608, 614 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and

admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

When the party without the burden of proof (generally the defendant) seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of his pleadings. FED. R. CIV. P. 56(e); *see Daniel v. Cantrell*, 375 F.3d 377, 381 (6th Cir. 2004). "[T]he nonmoving party [] must go beyond the pleadings and by affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue of fact for trial." *Moore v. Philip Morris Co.*, 8 F.3d 335, 339 (6th Cir. 1993). A party opposing a motion for summary judgment has the burden to come forth with requisite proof to support his legal claim, particularly where he has had an opportunity to conduct discovery. *See Noble v. Chrysler Motors Corp.*, 32 F.3d 997, 999 (6th Cir. 1994); *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1478-81 (6th Cir. 1990); *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989). In so doing, plaintiff must set forth <u>specific</u> <u>facts</u> showing that there is a genuine issue for trial. FED. R. CIV. P. 56(e); *see Kensu v. Haigh*, 87 F.3d 172, 175 (1996).

The motion for summary judgment forces the nonmoving party to "put up or shut up" and present evidence sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d at 1478; *see BDT Prod., Inc. v. Lexmark Int'l, Inc.*, 124 F. App'x 329, 331 (6th Cir. 2005); *see also DaimlerChrysler Serv. N. Am. v. Summit National, Inc.*, 144 F. App'x 542, 547 (6th Cir. 2005) ("Put another way, summary judgment is appropriate if the party with the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case."). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Daniels v. Woodside*, 396 F.3d 730, 734 (6th Cir. 2005) (quoting *Anderson*, 477 U.S. at 252). "A nonmoving party may not avoid a properly supported motion for summary judgment by simply arguing that it relies solely or in part on credibility considerations. Instead, the nonmoving party must present evidence to defeat a properly supported motion for summary judgment. The party opposing summary judgment must be able to point to some facts which may or will entitle him to judgment, or to refute the proof of the moving party in some material portion, and the opposing party may not merely recite the incantation, 'credibility,' and have a trial on the hope that a jury may believe factually uncontested proof." *Fogerty v. MGM Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004), *cert. denied*, 125 S. Ct. 1064 (2005).

Plaintiff elected not to file a response to defendants' motion for summary judgment. Although plaintiff has ignored the pending motion for summary judgment, the court may not for that reason alone enter judgment against plaintiff. *See Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991); *accord Cacevic v. City of Hazel Park*, 226 F.3d 483, 486 (6th Cir. 2000). Rather, the court

is required to examine the movants' summary judgment motion to ensure that the they have discharged their initial burden.

**Facts**

The following facts are beyond genuine issue.  in August of 2004, plaintiff was an inmate at the Bellamy Creek Correctional Facility ("IBC").  Plaintiff filed a Step I grievance at IBC on October 14, 2004, claiming that on August 25, 2004, he sustained injuries when he fell at the Riverside Correctional Facility ("ECF") and hit his head.  (Grievance IBC-04-10-4369-22Z, docket # 1, Appendix A).[1]  Plaintiff's Step I grievance did not refer to any medical provider or guard by name, so it was difficult for prison officials responding to the grievance to determine whether plaintiff was attempting to grieve conduct by individuals at IBC or ECF.  Plaintiff's grievance stated that after he had been transported to ECF for a medical examination, he complained to escorting officers at ECF about his restraints and feeling dizzy.  Plaintiff's grievance also asserted that he ran out of his blood pressure medication, Tenormin, at IBC on August 23, 2004.  His grievance claimed that during the period from August 23, 2004 through August 25, 2004, he informed "nurses making so-called rounds" and custody officers at IBC that he needed his medication, wanted to see a doctor, and felt like he was going to collapse.  (*Id.*).  The Step I grievance response stated, "You were locking at E.C.F. during the above incident.  Please rewrite your grievance and forward it to that facility for a response."  (*Id.*).  Plaintiff appealed the denial of his grievance.  At Step II, IBC's

---

[1] Plaintiff did not submit any medical records in support of his complaint.  There are no medical records documenting the nature or extent of injuries that plaintiff claims to have suffered as a result of his fall at ECF.  There are no medical records documenting plaintiff's high blood pressure or the date medication was last prescribed for him by a physician.  Plaintiff has not submitted medical records indicating that he suffered any adverse effects as a result of not being supplied with medication on August 23, 24, or 25, 2004.

warden found that the Step I response was adequate. (docket # 1, Appendix B). Plaintiff claims that he appealed to Step III and did not receive a timely response. (docket # 1, Appendix C and D).

Plaintiff filed his complaint in this court on February 7, 2005. With regard to Nurse Gardner, paragraph 14 of plaintiff's complaint alleges that, "Unknown Gardner was responsible for making sick call rounds, and administering medication to prisoners in administrative segregation on or about 8/23/04, 8/24/04, and 8/25/04." Paragraph 23 asserted that on August 23, 2004, sometime after 11:00 a.m. plaintiff complained to a nurse "believed to be RN unknown Gardner" that he was out of blood pressure medication. Paragraph 22 of the complaint states that during periods without medication, plaintiff experienced symptoms of headaches, dizziness, chest pains and shortness of breath. Paragraph 27 asserts that on August 24, 2004, after 6:00 p.m., RN John Doe # 2 or Unknown Gardner purportedly told plaintiff that he was right about his medication, but that he would need to wait for a refill. State records and Nurse Gardner's affidavit show that she was on vacation during the period from August 23-25, 2004. She was not present at IBC on any of the dates in question.

With regard to defendant Dominguez, plaintiff alleges that, "Unknown Dominguez was responsible for making rounds in administrative segregation on or about 8/23/04, 8/24/04, and 8/25/04." (docket # 1, ¶ 15). He states that on August 23, 2004, after 2:00 p.m., John Doe # 1 "and/or" Unknown Dominguez "made a round and when s/he looked in Plaintiff's cell," plaintiff purportedly told this individual that plaintiff needed his blood pressure medication because he felt like he was going to collapse. (docket # 1, ¶ 24). Plaintiff states, "On or about 8/23/04 and 8/24/04 while escorting Plaintiff for a shower, Defendants believed to be officer Unknown Dominguez and Officer John Doe # 1, told Plaintiff while he was handcuffed with his hands behind his back that he

-6-

better not fall because they weren't catching him if he did."[2]   (*Id.*, ¶ 26). Dominguez's affidavit establishes that he did not have any knowledge of plaintiff's medical condition, and that he did not have any conversation with plaintiff with regard to plaintiff's need for blood pressure medication or medical assistance. Dominguez's only contact with plaintiff was approximately 90 seconds spent escorting plaintiff to and from this shower area.

Plaintiff alleges that on August 25, 2004, he was transported to the Riverside Correctional Facility for a previously scheduled health care visit. Plaintiff asserts that the transportation officers failed to adequately respond to his complaints. He claims that he fell at the Riverside Correctional Facility and sustained a cut on his head that required eleven stitches. Plaintiff elected not to submit medical documentation in support of any of his claims.

## **Discussion**

**1.     Eleventh Amendment Immunity**

Plaintiff's claims for monetary damages against all defendants in their official capacities are barred by Eleventh Amendment immunity. Eleventh Amendment immunity is a threshold issue that should be raised and decided by the trial court. *See Rossborough Mfg. Co. v. Trimble*, 301 F.3d 482, 489 (6th Cir. 2002); *Johnson v. University of Cincinnati*, 215 F.3d 561, 570-

---

[2] To the extent permitted by law, I have considered plaintiff's verified complaint as operating as his affidavit in opposition to defendants' motion for summary judgment. *See Weberg v. Franks*, 229 F.3d 514, 526 n. 13 (6th Cir. 2000); *Williams v. Broman*, 981 F.2d 901, 903 (6th Cir. 1992). Rule 56(e) of the Federal Rules of Civil Procedure states that affidavits in opposition to a summary judgment motion "shall be made on personal knowledge and shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein." The hearsay statements in plaintiff's complaint must be disregarded. *See Weberg*, 229 F.3d at 526 n. 13; *see also Sperle v. Michigan Dep't of Corrections*, 297 F.3d 483, 496 (6th Cir. 2002); *Smith v. County of Hamilton*, 34 F. App'x 450, 457 (6th Cir. 2002).

71 (6th Cir. 2000). A suit against a state officer in his official capacity is simply another way of pleading an action against the state. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment generally[3] bars suit in federal court against a state and its departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). The State of Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir.), *cert. denied*, 125 S. Ct. 157 (2004); *Abick v. Michigan*, 803 F.3d 874, 877 (6th Cir. 1986); *see also Hill v. Michigan*, 62 F. App'x 114 (6th Cir. 2003), *cert. denied*, 541 U.S. 976 (2004). Defendants are entitled to judgment in their favor as a matter of law on plaintiff's claims for monetary damages against them in their official capacities.

**2.     Individual Capacity Claims Against John Doe Defendants**

Plaintiff's complaint asserts that various actions taken by John Doe defendants violated his rights. The Doe defendants have never been served or otherwise appeared in this lawsuit. In general, the use of "John Doe" or "Jane Doe" to identify a defendant is not favored in the federal courts. *See Colle v. Brazos County, Tex.*, 981 F.2d 237, 243 (5th Cir. 1993); *Strauss v. Chicago*, 760 F.2d 765, 770 n.6 (7th Cir. 1985); *accord Doe v. Sheriff of Dupage County*, 128 F. 3d 586, 587 (7th Cir. 1997). The mere naming of a person as a defendant by use of a fictitious name does not make that person a party to a lawsuit and does not prevent the entry

---

[3] The well-recognized exception to the general rule is an action for prospective, non-monetary relief such as an injunction against a state officer in his or her official capacity based upon a claim that the state officer's action is unconstitutional. *See Ex Parte Young*, 209 U.S. 123 (1908); *see also Edelman v. Jordan*, 415 U.S. 651, 664 (1974); *Ernst v. Rising*, 427 F.3d 351, 358 (6th Cir. 2005)(*en banc*).

of a final judgment. *See Nagle v. Lee*, 807 F.2d 435, 439 (5th Cir. 1987). The appropriate disposition plaintiff's claims against the unnamed and unserved defendants is an order dismissing all plaintiff's claims against these defendants without prejudice for failure to name them or achieve service. *See Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996); *see also Glenn v. Campbell*, 40 F. App'x 21, 23 (6th Cir. 2002). I recommend that plaintiff's claims against the Doe defendants in their individual capacities be dismissed without prejudice.

**3.     Individual Capacity Claims Against Defendants Gardner and Dominguez**

No reasonable trier of fact could find on the present record that either defendant violated plaintiff's Eighth Amendment rights. The objective component of an Eight Amendment claim of deliberate indifference requires a showing of a sufficiently serious medical condition or conditions. *See Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). "An inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001); *see Jarriett v. Wilson*, 414 F.3d 634, 643 (6th Cir. 2005). Plaintiff did not submit any medical records in opposition to defendant's motion for summary judgment. There are no medical records showing that plaintiff suffered any adverse consequences as a result of not being supplied with blood pressure medication at ICF on August 23, 24, or 25, 2004. There are no medical records documenting the nature or extent of injuries that plaintiff claims to have suffered as a result of his fall at ECF, and no medical evidence establishes a connection between plaintiff's fall at ECF to a lack of medication. An exception to the general rule requiring medical evidence to establish objective seriousness exists for obviously serious medical conditions. *See Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th

Cir. 2005); *Blackmore v. Kalamazoo County*, 390 F.3d 890, 898 (6th Cir. 2005). Plaintiff's purported symptoms of headaches, dizziness, chest pains and shortness of breath are primarily subjective in nature and do not rise to the level of symptoms so severe that even a layman would discern the need for treatment. Plaintiff has not submitted evidence establishing obvious objective manifestations of a serious medical need or adverse medical consequences attributable to any delay in receiving treatment.

The second requirement for a claim of deliberate indifference is that the defendant have a sufficiently culpable state of mind. In *Farmer v. Brennan*, 511 U.S. 825, 839-40 (1994), the Supreme Court held that the subjective element of a claim of deliberate indifference requires at least criminal recklessness. A defendant cannot be found liable "for denying an inmate humane conditions of confinement unless the official knows and disregards and excessive risk to inmate health or safety; the official must be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. at 837; *see Estate of Harbin v. City of Detroit*, 147 F. App'x 566, 571-72 (6th Cir. 2005). No reasonable trier of fact could find in plaintiff's favor in this regard. It is well established that a difference in opinion between a prisoner and medical staff about the treatment received does not state a cause of action. *See Westlake v. Lucas*, 537 F. 2d 857, 860 (6th Cir. 1976); *see also Wilson v. Hofbauer*, 113 F. App'x 651, 653 (6th Cir. 2004); *Kirkham v. Wilkinson*, 101 F. App'x 628, 630 (6th Cir. 2004). Plaintiff has not presented any medical evidence suggesting that he received inadequate or inappropriate medical care, much less care sufficiently deficient to rise to the level of deliberate indifference to serious medical needs. *See Garretson v. City of Madison Heights*, 407 F.3d 789, 795-96 (6th Cir. 2005). Plaintiff's complaint alleged that he complained to Nurse Gardner or some other

nurse or nurses about his medical condition. Nurse Gardner responded with unrebutted evidence that she was not present at the prison on August 23-25, 2004, but was on vacation. Likewise, plaintiff alleged that a guard looked into his cell on August 23, 2004, and that plaintiff purportedly told the female or male guard (who might have been Dominguez) that he needed his medication. Dominguez's affidavit establishes that he did not have any knowledge of plaintiff's medical condition, and that he did not have any conversation with plaintiff with regard to plaintiff's need for blood pressure medication or medical assistance. Dominguez's only contact with plaintiff was approximately 90 seconds spent escorting plaintiff to and from this shower area. No reasonable trier of fact could find that Dominguez's conduct constituted an Eighth Amendment violation.

### **Recommended Disposition**

For the reasons set forth herein, I recommend that defendants' motion for summary judgment (docket # 16) be granted, and that judgment be entered in favor of defendants Gardner and Dominguez on all plaintiff's claims. I further recommend that all plaintiff's claims against the unidentified and unserved Doe defendants be dismissed without prejudice, with the exception of plaintiff's claims against these defendants in their official capacities which should be dismissed with prejudice because they are barred by Eleventh Amendment immunity.

Dated:   December 28, 2005              /s/  Joseph G. Scoville
                                         United States Magistrate Judge

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).